UNITED STATES v. DWYER.

(Circuit Court, D. Massachusetts. May 18, 1909.)

ALIENS (§ 71½*)—NATURALIZATION—CANCELLATION OF CERTIFICATE—ILLEGAL PROCUREMENT.

A certificate of naturalization will not be canceled, as having been illegally procured, on the ground that the holder had not during the 5 years immediately preceding his application behaved as a man of good moral character, on a showing that prior to such 5-year period he had several times, and once thereafter, been arrested and convicted for drunkenness, where it is clearly shown that he reformed, and had remained sober for more than 4½ years prior to his application.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 71½.*]

William H. Lewis, Asst. U. S. Atty.

John W. McAnarney, for Dwyer.

LOWELL, Circuit Judge. The United States seeks to cancel a certificate of naturalization issued to Dwyer, upon the ground that:

"Said certificate of citizenship was illegally procured, in that said Dwyer had not for five years immediately preceding the date of his application for citizenship behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

Dwyer came to this country under the age of 18. For many years after his arrival, he was a drunkard. Some 15 convictions were proved against him in the course of about 10 years. For these offenses he was sometimes imprisoned and sometimes fined. The last sentence was on March 6, 1903. He was naturalized in this court March 2, 1908. Before his naturalization, according to the excellent practice

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

now adopted, he submitted to examination by the assistant United States district attorney in charge of naturalization. By him Dwyer was asked as follows:

"Q. How many times were you arrested in the old country, if at all? A. None. Q. How many times in this country, if ever? A. Once. Q. Character of offense? A. Was arrested for drunkenness about five years ago, and was fined $5. This was at Taunton."

There was abundant and undisputed testimony that soon after the date of Dwyer's last sentence for drunkenness, from June, 1903, at the latest, he reformed altogether, and had been uniformly sober for nearly five years before his naturalization. Testimony to this effect is ordinarily to be received with suspicion; but in Dwyer's case it was convincing. In other respects nothing was proved against his character, and evidence concerning his general respectability was considerable and uncontradicted. Section 4, cl. 4, of the naturalization act requires that:

"It shall be made to appear to the satisfaction of the court * * * that during that time [i. e., five years] he [the applicant] has behaved as a man of good character."

Even if this court is authorized by the act to review findings of fact made by itself or by another court, yet the government has not here shown sufficiently that the finding of fact concerning Dwyer's behavior and character was erroneous. As applied to all but the first three months of the period, the finding was undoubtedly correct. For more than four years and a half Dwyer had been a reformed man. During the first three months of the five-year period he may have been carrying on, albeit unsuccessfully, the struggle for reform in which he afterwards prevailed. The time of failure included within the five-year period was so short that I am not disposed to cancel a naturalization which could immediately be obtained anew. "A person may be under indictment, may plead guilty, may serve a sentence, and during this time so live that he could be considered to be of good moral character, if the sentence were for a crime of which repentance and rectitude of life could show a reformation of character." In re Di Clerico (D. C.) 158 Fed. 905, 907. Dwyer's statement made to the district attorney was not altogether ingenuous, and the trouble into which it has brought him has not been altogether undeserved. But the statement does not show fraud so clearly as to warrant a cancellation of the certificate, even if a cancellation on the ground of fraud is open to the United States under the pleadings.

Petition for cancellation denied.